**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-7339**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

LARRY EUGENE LINGENFELTER,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:10-cr-00153-RAJ-TEM-1; 2:14-cv-00575-RAJ)

Submitted: March 28, 2017          Decided: April 20, 2017

Before GREGORY, Chief Judge, and KING and AGEE, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Jeremy Brian Gordon, JEREMY GORDON, PLLC, Mansfield, Texas, for Appellant. Stephen Westley Haynie, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Eugene Lingenfelter seeks to appeal the district court's order denying his 28 U.S.C. § 2255 (2012) motion as untimely. Lingenfelter may not appeal from the dismissal of his § 2255 motion unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). Where the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Where, as here, the district court denies relief on procedural grounds, the prisoner must show that jurists of reason would find debatable whether the motion states a valid claim of the denial of a constitutional right, and whether the district court's procedural ruling was correct. Slack, 529 U.S. at 484-85.

We affirmed Lingenfelter's conviction on direct appeal. United States v. Lingenfelter, 473 F. App'x 303 (4th Cir. 2012) (unpublished), cert. denied 134 S. Ct. 534 (2013). The Supreme Court denied Lingenfelter's petition for a writ of certiorari on November 4, 2013, and Lingenfelter timely filed the instant motion

on October 31, 2014. See 28 U.S.C. § 2255(f)(1). Accordingly, we find that jurists of reason would find debatable the district court's dismissal of Lingenfelter's motion on timeliness grounds.

Lingenfelter's § 2255 motion advanced two claims of ineffective assistance of counsel. First, Lingenfelter alleged that his trial counsel failed to inform him of a favorable plea offer that the Government had memorialized in an email to his counsel. "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Missouri v. Frye, 566 U.S. 133, 145 (2012). Because Lingenfelter contended that his counsel did not perform up to this standard, we conclude that jurists of reason would find debatable whether he stated a violation of his Sixth Amendment right to counsel.

Lingenfelter also challenged his counsel's decision not to introduce certain evidence at trial. However, in his counseled appellate brief, Lingenfelter merely notes that this claim was made below without offering any argument as to its debatability. Thus, he has waived appellate review of this claim. See Jackson v. Lightsey, 775 F.3d 170, 177 (4th Cir. 2014).

Accordingly, we grant a certificate of appealability on the issue of whether Lingenfelter was deprived of the effective assistance of counsel through his counsel's alleged failure to apprise him of a plea offer, and deny a certificate of

3

appealability on the assertion of ineffective assistance based on counsel's decision not to introduce certain evidence at trial. We vacate the district court's order and remand for further proceedings.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

---

* By this disposition, we express no view on the merits of Lingenfelter's claim.

4